FILED
SUPERIOR COURT
OF GUAM

2022 DEC -2 PM 5:45

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>OSUPWANG MURITOK *aka* John Doe,<br>DOB: 11/24/1992<br><br>                   Defendant. | Criminal Case No. CF0323-18<br><br><br>**DECISION AND ORDER**<br>*Re: People's Motion for Revocation and<br>Imposition of Sentence* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on December 1, 2022, for a revocation hearing. Present at the hearing were: Defendant Osupwang Muritok ("Defendant") with counsel Assistant Public Defender William Bischoff, and Assistant Attorney General David Rivera for the People. Having considered the arguments and the applicable law, the Court hereby **GRANTS** the People's Motion to Revoke Probation, **REVOKES** Defendant's Probation, and **SENTENCES** Defendant pursuant to the plea agreement, with credit for time served.

## BACKGROUND

On July 11, 2018, Defendant entered a guilty plea to ASSAULT (As a Misdemeanor), *as a lesser included offense to Aggravated Assault,* and DISORDERLY CONDUCT (As a Petty Misdemeanor). *See* Judgment p. 1 (Jul. 18, 2018). Defendant was then sentenced to serve one (1) year of imprisonment at the Department of Corrections, all suspended, with credit for time served, and two (2) years of supervised probation. *See Id.* at pp. 2 – 3.

On August 2, 2019, Probation filed a 1st Violation Report reflecting that Defendant failed to (1) report monthly; (2) attend the Alcohol Treatment Program; (3) report to Client Services & Family Counseling and Guam Behavioral Health and Wellness Center for intake and assessment; and (4) pay his $80.00 court cost. *See* Vol. Rpt. (Aug. 2, 2019). A hearing on the violation was held on October 24, 2019, where Defendant failed to appear. The Court issued a warrant for Defendant's arrest and set bail in the amount of $1,000.00. A return of warrant service was filed about two months later, on December 23, 2020, and Defendant was committed to the Department of Corrections.

Nearly a month later, on January 21, 2021, a further proceedings hearing was held wherein the Court extended Defendant's probation period for six (6) months, and Defendant was released. *See* Min. Entry 2:26:00PM (Jan. 21, 2021).

Less than three months later, on April 8, 2021, Probation filed a 2nd Violation Report indicating that Defendant failed to (1) report three times weekly; (2) attend the Driving with Care Program; (3) report back to Client Services & Family Counseling and Guam Behavioral Health and Wellness Center for an assessment; (4) pay his $200.00 fee and $80.00 court cost; and (5) perform 40 hours of community service. *See* 2nd Viol. Rpt. (April 8, 2021).[1] Then, on April 16, 2021, a warrant for Defendant's arrest was issued. Less than one month later, on May 4, 2021, a return of warrant service was filed and Defendant was committed to the Department of Corrections. A return of warrant hearing was held on May 6, 2021, wherein Defendant admitted to the violation, and Defendant was released. *See* Min. Entry 2:38:00PM (May 6, 2021).

Less than two weeks later, on May 14, 2021, Probation filed a 3rd Violation Report reflecting that Defendant failed to report. *See* 3rd Viol. Rpt. (May 14, 2021). Ten days later, on

---

[1] *See* also Amend. 2nd Vol. Rpt. (May 7, 2021).

May 24, 2021, yet another warrant was issued for Defendant's arrest. Almost a year later, on March 23, 2022, a return of warrant service was filed and Defendant was committed to the Department of Corrections, again.

On April 7, 2022, the People filed a Motion for Revocation and Imposition of Sentence. A hearing on the Motion was held on December 1, 2022, wherein the Court took the matter under advisement.

## DISCUSSION

If the court is satisfied that a defendant has inexcusably failed to comply with a substantial requirement of probation, the court may revoke the probation and sentence or re-sentence the defendant, but only if the court determines that under all the circumstances revocation will best satisfy the ends of justice and the best interests of the public. 9 GCA § 80.66(a)(2).

Probation is a favor granted by the state, not a right to which a criminal defendant is entitled. *People v. Camacho*, 2009 Guam 6 ¶ 26. Probation revocation is a two-step process. First, the trial court must determine if a probation violation occurred. If a violation is proven, then the court must determine if the violation warrants revocation of probation. *Id.* ¶¶ 26 - 27. If the court revokes probation, it may impose any sentence that might have been imposed originally for the crimes of which the offender was convicted. 9 GCA § 80.66(b).

Here, the record reflects several instances that warrant revocation of probation. First, a total of three violations were filed reflecting Defendant's failure to comply with the terms and conditions of his probation. Second, the record reflects that Defendant admitted to one of the three violations filed therein. Third, the Court has availed at least three chances for Defendant to comply and complete the terms of his probation. Defendant was released on two different occasions, and the Court extended his probation term for six months. However, the record

reflects that Defendant continued to violate the terms and conditions of his probation. As such, the Court finds that under all the circumstances revocation best satisfies the ends of justice and the best interest of the public.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the People's for Revocation and Imposition of Sentence, **REVOKES** Defendant's Probation, and **SENTENCES** Defendant to one (1) year of imprisonment at the Department of Corrections, with credit for time served, in accordance with the plea agreement.

**IT IS SO ORDERED,** DEC 0 2 2022 .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam